UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOE XUAN NGUYEN, ) | |
| ) | CASE NO. C04-1310RSM |
| Plaintiff, ) | |
| ) | ORDER DENYING MOTION TO |
| v. ) | TERMINATE DEPOSITION |
| ) | |
| ING FINANCIAL ADVISERS LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter comes before the Court on plaintiff's Motion for Leave to Terminate Oral Deposition. (Dkt. #61). Plaintiff argues that defendants' counsel intimidated him during his deposition, and treated him without respect. He asks the Court to terminate the deposition, even though it appears the deposition was permanently adjourned on October 15, 2005. Defendants have failed to respond to the motion.

The Court, having considered plaintiff's motion, hereby finds and ORDERS:

(1) Plaintiff's Motion for Leave to Terminate Oral Deposition (Dkt. #61) is DENIED AS MOOT. Rule 30 of the Federal Rules of Civil Procedure states:

> (d) Schedule and Duration; Motion to Terminate or Limit Examination.
> . . .
> (4) At any time **during a deposition**, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the

ORDER
PAGE - 1

> deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken **may order the officer conducting the examination to cease forthwith from taking the deposition**, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c). **If the order made terminates the examination, it may be resumed thereafter only upon the order of the court in which the action is pending**. Upon demand of the objecting party or deponent, the taking of the deposition must be suspended for the time necessary to make a motion for an order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

Fed. R. Civ. P. 30(d)(4) (emphasis added). Plaintiff relies on this Rule in support of his motion.

However, it appears from plaintiff's own motion that his deposition was permanently adjourned on October 15, 2006. There is no indication from any of the parties that plaintiff's deposition will continue at any time in the future. Nor is there any indication from plaintiff that he requested that the deposition be suspended in order to make the instant motion. Accordingly, there is no deposition left to terminate, and plaintiff's motion appears to be moot.

(2) The Clerk shall forward a copy of this Order to plaintiff and all counsel of record.

DATED this __14__ day of February 2006.

/s/ Ricardo S. Martinez
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 2